

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

November 9, 1971

Honorable Preston Smith
Governor of Texas
Executive Department
Austin, Texas   78711

Opinion No.  M-993

Re:  Legality of surge
     brakes under Article
     6701d, Section 132,
     Vernon's Civil Statutes,
     prior to the recent
     amendment by Senate Bill
     183 and legality of surge
     brakes under Senate Bill

Dear Governor Smith:

183.

Your request for the opinion of this office concerns
whether surge brakes for trailers were legal under the lan-
guage of Article 6701d, Section 132, Vernon's Civil Statutes,
prior to its amendment by Senate Bill 183 passed by the 62nd
Legislature (Acts 62 Leg., R.S. 1971, ch. 83, p. 722, 754) and
whether surge brakes are legal under the amendatory language
of Senate Bill 183.

The language of Article 6701d prior to amendment by
Senate Bill 183 reads in part [Section 132(a)3] as follows:

> "3.  Every trailer or semitrailer of a reg-
> istered or actual gross weight of three thousand
> (3,000) pounds or more when operated upon a high-
> way shall be equipped with brakes adequate to
> control the movement of and to stop and to hold
> such vehicle and so designed as to be applied by
> the driver of the towing motor vehicle from its
> cab, and said brakes shall be so designed and
> connected that in case of an accidental break-
> away of the towed vehicle the brakes shall be
> automatically applied. . ."   (Emphasis Added).

In Senate Bill 183, Section 132 of Article 6701d has been
amended to read in paragraph (h):

> "(h)  Single control to operate all brakes.
> After January 1, 1972, every motor vehicle,

-4843-

trailer, semitrailer and pole trailer, and
every combination of such vehicles, equipped
with brakes shall have the braking system so
arranged that <u>one control device can be used
to operate all service brakes</u>.  This require-
ment does not prohibit vehicles from being
equipped with an additional control device to
be used to operate brakes on the towed vehicles.
This regulation does not apply to driveaway or
towaway operations unless the brakes on the in-
dividual vehicles are designed to be operated
by a single control on the towing vehicle."
(Emphasis Added).

The surge brake, which is used on small trailers, is
a self-contained, hydraulic braking system actuated by a
mechanism mounted on the trailer itself and connected by
linkages or similar devices to the coupler which attaches
the trailer to the towing vehicle.  The trailer brakes are
not actually linked with the braking system of the towing
vehicle, but the surge braking mechanism operates automati-
cally.  Any deceleration by the towing vehicle because of
braking or downshifting causes an instantaneous difference
in velocity between the towing vehicle and the trailer, and
trailer momentum pushes the mechanism controlling the trail-
er brakes forward in relation to the coupling device.  This
forward motion pushes a plunger into a master cylinder,
thereby causing the trailer brakes to apply.  The trailer
braking is proportional to the braking applied by the driver
to the towing vehicle.  The braking of the trailer is vir-
tually spontaneous with the braking of the towing vehicle.

The language of Section 132(a)3 before the amendment
by Senate Bill 183 requires that the brakes on a trailer
be designed so that they can be applied by the driver from
the cab of the towing vehicle.  Among the definitions of
"apply" in Webster's Third New International Dictionary are
"to bring into action" and "to put into effect."  Appli-
cation of the brakes of the towing vehicle certainly brings
into action and puts into effect the surge brakes on the
trailer.  Thus the driver in effect applies the trailer
brakes from the cab.  This office is of the opinion that
the use of surge brakes is permissable under the language

of Section 132 before the amendment by Senate Bill 183.[1]

The amendatory language of Senate Bill 183 requires that the braking system be arranged so that one control device will operate all service brakes. The statute expressly allows an additional control device to operate trailer brakes. Whether the use of surge brakes is allowed under the language of Senate Bill 183 depends on the definition of the term "operate." Among the definitions of "operate" in Webster's Third New International Dictionary are "to cause to occur, to bring about by or as if by the exertion of positive effort or influence," to "initiate," "to cause to function [usually] by direct personal effort," and to "work." The term "operate" has been defined also by various Texas court decisions, such as Big Three Welding Equipment Co. v. Crutcher, Rolfs, Cummings, 149 Tex. 204, 229 S.W.2d 600 (1950), at page 603:

> "The ordinary, usual meaning of the word 'operate' is 'To put into, or to continue in, operation or activity; to manage; to conduct; to carry out or through; to work; as to operate a machine or motor vehicle.... .

The foregoing definitions of operate clearly apply to the use of the surge brake. The driver uses only one control device, the brake pedal, to activate the brake of the towing vehicle and in turn the automatic surge brakes on the trailer. With one control device the driver causes to function or puts into action, that is, operates the trailer brakes. The opinion of this office therefore is that surge brakes are lawful under Senate Bill 183. Whatever braking device is used of course must comply with the performance standards standards set forth in Senate Bill 183.

-------------------

[1] Language in Ohio and Colorado statutes identical with that in Section 132(a)3 requiring operation of trailer brakes by the driver in the cab of the towing vehicle was interpreted to allow surge brakes by the Attorney General of Ohio in Opinion No. 67-006 (1967) and by the Attorney General of Colorado in a memorandum dated April 24, 1968, to the Colorado State Patrol.

## SUMMARY

The use of surge brake for trailers is lawful under the language of Article 670ld, Section 132(a)3, Vernon's Civil Statutes, in effect prior to the amendment by Senate Bill 183, Acts. 62nd Leg., R.S., 1971, and also under Senate Bill 183.

Respectfully submitted,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Roland Daniel Green, III
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Jerry Roberts
Larry Craddock
Jack Sparks
Fisher Tyler

SAM McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant